NOT FOR PUBLICATION

CHARLES P. DANIELS and,
LINDA M. DANIELS,

        Plaintiffs,

v.

UNITED STATES OF AMERICA
        Defendant

Case No. 06-3415(KSH)

**OPINION**

**KATHARINE S. HAYDEN U.S.D.J**

**I.    INTRODUCTION**

The United States has brought a motion to dismiss for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12 (b)(1), which is **granted** for the following reasons.

**II.    STANDARD**

When subject matter jurisdiction of the Court is challenged pursuant to Federal Rule of Civil Procedure 12 (b)(1), the plaintiff has the burden of proving that jurisdiction exists. Mortensen v. First Federal Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977). "[N]o presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." Id. In addition, "the Court may look to documents outside the pleadings in order to assess jurisdictional facts sufficient to assure the Court of the propriety of its adjudication of a particular claim." Christie v. Public Service Elec. and Gas Co., 2006 WL 462588, *6 (D.N.J., 2006).

**III.    DISCUSSION**

Charles Daniels and Linda Daniels ("plaintiffs") filed this action on July 26, 2006, seeking a refund for income taxes they paid for the 2000 tax year. (Compl.) The United States asserts that the Court lacks jurisdiction to hear this tax refund action because the taxpayers have not paid their taxes in full. (United States's Brief in Support of Motion to Dismiss 2.)

A district court does not have jurisdiction over a taxpayer refund action unless the taxpayer has paid the entire amount of the assessment made against him or her. Flora v. United States, 362 U.S. 145 (1960); Miscovsky v. United States, 414 F.2d 954 (3d. Cir. 1969). Here, the plaintiffs are not challenging the holding of Flora. Instead, they argue that the Court has jurisdiction because the government has not proved that an assessment was made against them. (Plaintiffs' Brief in Opposition to the Motion to Dismiss 7.)

The United States has included in its submissions a certified copy of a transcript from the IRS that shows an assessment was made against the plaintiffs on November 26, 2001. (Ex. A to the Blaskopf Decl.) A certified transcript from the IRS is sufficient evidence that an assessment has been made. Essex Ins. Co. v. McManus, 299 F.Supp.2d 939, 942 (E.D.Mo. 2003). The transcript presented here also establishes that the plaintiffs have not paid the full amount of the assessment made against them. (Ex. A to the Blaskopf Decl.) For this reason, the Court lacks jurisdiction to hear this taxpayer refund action.

**IV.    CONCLUSION**

Plaintiffs have sought relief without paying the full amount of the taxes assessed, a jurisdictional prerequisite. As such, the Court does not have jurisdiction and will **grant** the motion to dismiss. An appropriate order will be entered.

                    /s/   Katharine S. Hayden

                    KATHARINE S. HAYDEN
                    United States District Judge